IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY CHRISP, )
 )
      Plaintiff, )
 )
v. ) 1:14CV453
 )
JOHN GODFREY, et al., )
 )
      Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Tony Chrisp, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names a correctional officer and two of the officer's supervisors as Defendants. He alleges that the officer, Sergeant Ayers, wrote him up with a disciplinary infraction because a confidential informant told Ayers that Plaintiff and his wife exchanged unauthorized contraband. Plaintiff proceeded with a disciplinary hearing at which the disciplinary charge was dismissed by the hearing officer. Nevertheless, Plaintiff alleges that Ayers later removed Plaintiff's wife from the prison visitation list. The other Defendants then upheld that decision. Plaintiff alleges that these actions amounted to cruel and unusual punishment and violated his equal protection and due process rights, North Carolina prison regulations, the common law, and state and federal statutes.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion

of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Here, Plaintiff alleges that Defendants unfairly suspended his visits with his wife because they believed an informant's story that Plaintiff and his wife were smuggling contraband into the prison and that they did this despite a hearing officer's decision not to discipline Plaintiff based on the informant's allegation. Even if true, these allegations do not state any claim for relief under § 1983. That statute covers only violations of federal law by state actors. Plaintiff alleges at one point that Defendants violated federal statutes, but does not even cite the statutes. Mainly, he claims that Defendants violated his federal constitutional rights. However, as the Court informed Plaintiff in a previous filing, there is no constitutional right to visitation by family members. The restriction on visitation does not constitute cruel and unusual punishment or implicate due process concerns, even without a disciplinary hearing. Zamora v. Thaler, 407 F. App'x. 802 (5th Cir. 2011). As for Petitioner's invocation of equal protection, he does not allege that he is a member of any suspect or protected class and the visitation restriction is valid so long as it rests on a rational basis. Shallowhorn v. Molina, No. 11–16383, 2014 WL 1929994, at *1, ___ F. App'x ___ (9th Cir. May 15, 2014). Preventing the smuggling of contraband into prison is such a basis. Robinson v. Palmer, 841 F.2d 1151, 1156 (D.C. Cir. 1988).

Plaintiff also claims that Defendants violated state policies or procedures. The violation of state policies does not ordinarily equate to the violation of any federal right. Further, Plaintiff's allegation is that Defendants violated state policy by punishing him despite the hearing officer's dismissal of the disciplinary charge against him. His allegation that the suspension of

his wife's visitation privileges was punishment, as opposed to a security measure, is not supported by any facts. The suspension did not occur in conjunction with the separate disciplinary hearing, which resolved in Plaintiff's favor. Also, Plaintiff's own exhibits, which were filed in an earlier suit and are referenced in the current Complaint, indicate that prison officials informed Plaintiff that the reason for the suspension was prison security, not punishment. Chrisp v. Godfrey, No. 1:14CV387, Docket Entry 1, Attach. (M.D.N.C.). Plaintiff alleges no facts to support a conclusion otherwise.

Finally, Plaintiff alleges violations of state law and mentions "common law" claims. He does not appear to set out any such claims. Nevertheless, to the extent that he does wish to raise such claims, he may pursue them in state court. He does not alleges any proper claim for relief in this Court and the Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $22.74. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $22.74.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 6th day of June, 2014.

Joe L. Webster
United States Magistrate Judge