IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY CHRISP,                )
                            )
         Plaintiff,         )
                            )
     v.                     )      1:14cv453
                            )
JOHN GODFREY, et al.,       )
                            )
         Defendant(s).      )

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on June 6, 2014, was served on the parties in this action. (Doc. 3.) Plaintiff moved for an extension of time in which to file an objection (Doc. 6), and the motion was granted (Doc. 7). However, no objections were filed within the time limits prescribed by section 636, as extended by this court's order.

Instead, after the deadline expired, Plaintiff filed a motion entitled "Motion By Plaintiff To 'Drop This Complaint' And Compel This Honorable Court to Return/Repay Monies Taken From His Inmate Account Unwarranted." (Doc. 8.) In that motion, Plaintiff "concedes completely" that the Magistrate Judge's Recommendation is correct and that his allegations have "no valid Constitutional Rights/Merrit [sic] for him to justifiably argue in this courts venue, and jurisdiction." (Id.

at 1.) He states his desire to have his federal complaint dismissed and his intention to pursue his claims in State court. (Id.)

The court has reviewed and hereby adopts the Magistrate Judge's Recommendation. The complaint will be dismissed.

In his motion, Plaintiff also seeks to have a $22.74 filing fee returned to his inmate trust account and to prevent the court from deducting any further fees from that account. (Id. at 1-2.) Plaintiff chose to file his complaint in federal court, however, and the Prison Litigation Reform Act ("PLRA") does not relieve him of the obligation to pay court filing fees.

The PLRA provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b). Section 1915(b) "requires prisoners to pay all filing fees without regard to their financial status, although they may pay the fees in installments." Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). "'How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's . . . control once the prisoner files the complaint or notice of appeal.'" Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999) (quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997)). "Nothing [in the PLRA] allows the court to stop the collection of the filing fee once [it]

authorize[s] a prisoner to proceed *in forma pauperis*." Copley v. Henderson, 980 F. Supp. 322, 323 (D. Neb. 1997). Because the Magistrate Judge granted Plaintiff *in forma pauperis* status for the purpose of the filing of the action (Doc. 3 at 4), Plaintiff must pay the filing fee in accordance with § 1915(b).

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 8) is DENIED and that this action be DISMISSED pursuant to 28 U.S.C. § 1915, for failing to state a claim upon which relief may be granted. Plaintiff's account shall continue to be drafted until the balance of the $400 filing fee has been paid in accordance with the Magistrate Judge's Order (Doc. 3.).

/s/   Thomas D. Schroeder
United States District Judge

August 15, 2014